JAP:PWB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**14 M 1051**

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JEROME ROBINSON.

Defendant.

- - - - - - - - - - - - - - - X

PRE-ARRAIGNMENT
COMPLAINT

(21 U.S.C. §§ 952(a) and 960)

EASTERN DISTRICT OF NEW YORK, SS:

DEREK BERGMAN, being duly sworn, deposes and states that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

On or about December 10, 2014, within the Eastern District of New York and elsewhere, the defendant JEROME ROBINSON did knowingly, intentionally and unlawfully import into the United States from a place outside thereof, cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 952(a) and 960)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On December 10, 2014, the defendant JEROME ROBINSON arrived at John F. Kennedy International Airport ("JFK") in Queens, New York aboard Jet Blue Flight 960 from Kingston, Jamaica.

2. During a secondary examination, a Customs and Border Protection ("CBP") Officer stopped the defendant JEROME ROBINSON for a border enforcement examination. The defendant consented to a baggage examination, which yielded negative results. In addition, a pat-down search was requested and approved, which also yielded negative results. Upon further questioning, the defendant exhibit nervous behavior and provided inconsistent and evasive answers to the CBP officer's questions.

3. The defendant JEROME ROBINSON was then presented with an x-ray consent form, which he read, appeared to understand and signed. After signing the x-ray consent form, the defendant JEROME ROBINSON admitted, in sum and in substance, that he had ingested a number of pellets of an unknown substance.

4. The defendant was then transported to the medical facility at JFK, where an x-ray was taken of his intestinal tract, which was positive for foreign bodies. Thereafter, on December 10, 2014, at approximately 9:50 a.m., the defendant passed 2 pellets, one of which was field-tested and indicated a positive presence of cocaine. The defendant was then placed under arrest.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

5. The defendant was advised of his <u>Miranda</u> warnings by HSI special agents, which he understood and agreed to waive. The defendant stated, in sum and substance, that he swallowed approximately 80 pellets. The defendant further stated that he knew that the pellets contained drugs, but that he did not know whether they contained heroin or cocaine. The defendant also stated that he was supposed to be paid approximately $3,000 for transporting the drugs to the United States.

6. The defendant JEROME ROBINSON will be detained at the JFK medical facility until such time as he has passed all the pellets contained within his intestinal tract.

WHEREFORE, your deponent respectfully request that the defendant JEROME ROBINSON be dealt with according to law.

_____
Derek Bergman
Special Agent
Homeland Security Investigations

Sworn to me before this
10th day of December, 2014


_____
THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK